1  Kristin A. Zilberstein, Esq. (SBN 24104960)
   GHIDOTTI BERGER
2  600 E. John Carpenter Fwy., Ste. 175
   Irving, TX 75062
3  Ph:  (949) 427-2010
   Fax: (949) 427-2732
4  kzilberstein@ghidottiberger.com

**Attorneys for Movant,**
Carvana LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Ft. Worth DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO.: 19-43839-elm13 |
|  | § |  |
| **Shiwanda Hamilton** | § | CHAPTER 13 |
|  | § |  |
|     DEBTOR, | § | **OBJECTION TO CONFIRMATION** |
|  | § | **OF PLAN** |
|  | § |  |
| **Carvana LLC** | § |  |
|  | § |  |
|     MOVANT, | § |  |
|  | § |  |
| **Shiwanda Hamilton** | § |  |
|     RESPONDENT. | § |  |

Carvana LLC ("**Creditor**"), a secured creditor of Noel Christian Vasquez ("**Debtor**"), hereby objects to the confirmation of Debtor's Chapter 13 Plan (the "**Plan**") on the grounds that the Plan does not comply with the provisions of Chapter 13 of Title 11, United States Code, and with other applicable provisions of said Title 11.

1

This objecting Creditor holds a purchase money security interest in a 2015 GMC Terain SLE, motor vehicle (the "**Vehicle**"), with a VIN No.: of 2GKFLWE33F6300191.

I

**STATEMENT OF FACTS**

1. Creditor holds all rights, title and interests in the Note and Deed of Trust encumbering the Property.

2. On or about September 19, 2019, Debtor filed a voluntary Petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court, Northern District of Texas, Petition No.: 19-43839 (the "**Instant Petition**").

3. On or about January 21, 2019, the Debtor entered into the Contract with Creditor. The proceeds of the Contract were used to purchase the Vehicle. A true and correct copy of the Contract is attached to the Objection as Exhibit "A".

4. The Contract is secured by a Lien on a vehicle described as a 2015 GMC Terain SLE, motor vehicle (the "**Vehicle**"), with a VIN No.: of 2GKFLWE33F6300191 ("**Vehicle**"). A true and correct copy of the Lien and Title Information Report is attached to the Objection as Exhibit "B".

5. The Debtor's Plan provides for Creditor's Claim in the amount of $13,452.45. The total amount necessary to pay off the loan is 23,418.10

II

**ARGUMENT**

Application of the provisions of *11 United States Code Section 1325* determines when a Plan shall be confirmed by the Court. Based on the foregoing, as more fully detailed below, the Plan cannot be confirmed as proposed.

A. **CREDITOR'S CLAIM IS A 910-DAY CLAIM**:

Pursuant to Section 1325(b)(5), a claim secured by a purchase money security interest in a motor vehicle and incurred within 910 days of the commencement of the bankruptcy case is classified as a 910-day claim. Debtor purchased the Vehicle on January 21, 2019. Debtor purchased the vehicle less than 1 year before the Instant Petition was filed and thus Creditor's Claim is not subject to cram down. The Debtor's Vehicle was purchased for personal use pursuant to the Contract attached as Exhibit A. Therefore, Creditor's Claim is no subject to cram down.

Debtor's plan has creditor receiving $13,452.45. in payments. The actual amount required to pay off the loan is $23,418.10. That reduction is an impermissible cram down.

A. **REDUCTION OF INTEREST RATE TO 5%:**
11 U.S.C. §1325(a)(5)(B)(ii).

Debtor's Plan proposes to reduce Creditor's interest rate from the contract rate of 13.83% to 5%. The bankruptcy court must establish an interest rate based on current market rate of interest for similar loans in region, available to borrowers with similar credit histories to that of Debtor; considering risk factors involved with Debtor's credit history, and Creditor's rates for similar transactions within region. 11 U.S.C. § 1325(a)(5)(B). In re Glueck, 223 B.R. 514 (Bankr. S.D. Ohio 1998). An interest rate of 5% fails to meet those requirements. Creditor would not object to an interest rate of 7%.

Therefore, Debtor's Plan fails to provide for the proper treatment of Creditor's Claim, by improperly reducing Creditor's interest rate.

///

///

WHEREFORE, Creditor objects to confirmation of the Plan and requests as follows:

    a.    Confirmation of the Proposed Chapter 13 Plan be denied; or, in the alternative,

    b.    Debtor's plan be amended to provide for full repayment of Secured Creditor's loan

    c.    For such other relief as this Court deems proper.

DATED: November 20th, 2019        GHIDOTTI BERGER

By: /s/ Kristin A. Zilberstein Esq.
Kristin A. Zilberstein, Esq.
Attorney for Carvana LLC

# CERTIFICATE OF SERVICE

On **November 20, 2019**, I served the foregoing documents described as **OBJECTION TO CONFIRMATION OF PLAN** on the following individuals by electronic means thorugh the Court's ECF program:

**COUNSEL FOR DEBTOR**
Andrew B. Nichols
a_nichols_law@justice.com

**US TRUSTEE**
U.S. Trustee
ustpregion06.da.ecf@usdoj.gov

**CHAPTER 13 TRUSTEE**
Pam Bassel
fwch13cmecf@fwch13.com

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

<u>/s/ Enrique Alarcon</u>
Enrique Alarcon

On **November 20, 2019**, I served the foregoing documents described as **OBJECTION TO CONFIRMATION OF PLAN** on the following individuals by depositing true copies thereof in the United States mail at Santa Ana, California enclosed in a sealed envelope, with postage paid, addressed as follows:

**DEBTOR**
Shiwanda Hamilton
4335 Cedar Springs
Apt. 203
Dallas, TX 75219

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

<u>/s/ Enrique Alarcon</u>
Enrique Alarcon